MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
J. N. EVANS ET UX.

Delivered April 24, 1897.

1.  Death by Wrongful Act—Damages—Apportionment.

In an action by the father and mother for the negligent killing of their son, the failure of the court to instruct the jury to apportion the damages between the plaintiffs, as provided by statute, does not require a reversal of a judgment in their favor, where no instruction covering the omission was requested.

2.  Same—Same—Incidental Expenses—Joinder of Parties.

The damages to which a father is entitled on account of incidental expenses accruing from the injury and death of his son may be recovered in an action for the negligent killing of the son in which the mother is joined, notwithstanding that as to the particular item she may be improperly joined.

3.  Master and Servant—Employment of Minor—Negligence.

A railroad company which employs a minor and appoints him to the performance of a dangerous nature, knowing that he is of immature judgment and inexperienced in such service, and fails to instruct him as to the dangers of the employment, is guilty of negligence.

4.  Same—Same—Dangerous Service—Acquiescence of Father.

A father who consents to the employment of his minor son in a dangerous service can not recover for his death resulting from his inexperience and the failure of the employer to instruct him against the dangers incident to the employment.

5.  Same—Same—Same—Same—Charge of Court.

An instruction on the question of the father's acquiescence in the employment of his son in a dangerous service, that one is deemed to have acquiesced when with full knowledge of all the facts he refrains from objecting or enforcing his objections to a proper extent, for such time and under such circumstances that it may be reasonably inferred that he has waived or abandoned his right to object, is proper if an issue as to acquiescence is raised by the evidence.

6.  Charge of Court—Similar Instruction Requested.

Appellant can not complain of an instruction which merely presents upon a positive hypothesis the principle of law given at his request upon a negative hypothesis.

7.  Evidence—Employment of Minor in Dangerous Service—Acquiescence of Father.

The testimony of a father, in an action against a railroad company for the negligent killing of his son, employed by the company without his consent in a dangerous position, that he did not go to the headquarters of the company and have the boy discharged because he was afraid the latter would get discouraged and leave him and go to some other road, is admissible to rebut acquiescence by the father in the employment of the son.

APPEAL from Tarrant.  Tried below before Hon. S. P. GREENE.

*T. S. Miller* and *Stanley, Spoonts & Thompson*, for appellant.

1.  This being a statutory action, the jury were required to apportion the damages, and it was error in the court not to instruct the jury on this, and of the jury in not apportioning it.  Railway v. Sciacca, 80 Texas, 350; Rev. Stats., art. 3027.

2.  It was improper to allow the father to state his reasons for not objecting, as the same was irrelevant and tended to prejudice the jury.

*R. L. Carlock* and *C. R. Bowlin*, for appellees.—1.  The allowance of

burial expenses in this case was proper. City of Galveston v. Barbour, 62 Texas, 174; Railway v. Redeker, 67 Texas, 191.

2. The court, in section 3 of its charge, told the jury in apt terms that plaintiffs could not recover alone on the ground of the employment of their son without their consent and hence no harm could have resulted in the court, in section number 1, referring to the employment of plaintiffs' son without their consent. Railway v. Redeker, 67 Texas, 191; Railway v. Vinco, 7 Texas Civ. App., 349.

TARLTON, Chief Justice. — This appeal is from a verdict and judgment recovered from the appellant by J. N. Evans and his wife, E. J. Evans, on account of the death on December 25, 1894, of their son, W. R. Evans. Of the verdict, the sum of $1800 was assessed as damages by way of compensation for pecuniary loss on account of the death of the son, and the further sum of $98 as compensation for funeral expenses incurred.

At the time of his death, W. R. Evans was a minor about 17 years of age. He was engaged in the service of appellant as a brakeman, and was killed while attempting to get on the brake beam of a car in motion. He was employed, without the consent or acquiescence of his parents, in the dangerous occupation of a brakeman on one of the appellant's freight trains. He was inexperienced in the duties incident to his position. The appellant, when it employed him, knew of his minority and his inexperience, and failed to give him proper instructions in the details of the business and its dangers. The injuries resulting in his death were because of this inexperience.

*Opinion.*—The failure of the court to instruct the jury to apportion the damages between the father and the mother, as provided by the statute, will not require a reversal of the judgment. It is believed that no error was committed prejudicial to the rights of the appellant, which failed to request an instruction covering the omission. For our views upon this question, see Railway v. Hudman, 8 Texas Civil Appeals, 309, in which our Supreme Court refused a writ of error.

The recovery for burial expenses was properly had in this suit. Independent of the statutory action, the father was entitled to recover incidental expenses accruing from the injury. Railway v. Redeker, 67 Texas, 191. The fact that as to this item the mother may have been improperly joined, or that as to it the husband could have prosecuted a separate suit, would be no ground for setting it aside. The award is proper as to the husband, at least, and the defendant in no way injured because the suit or the recovery is joint.

The first paragraph of the court's charge is as follows: "If you believe from the evidence that one W. R. Evans, a son of the plaintiffs, was at or about the time mentioned in the petition employed by the defendant as a brakeman on its freight train, and that the said W. R. Evans thereafter, and while so in the service of said defendant under such employ-

ment, was run over by the cars or engine of said defendant, and thereby killed, and that at the time said W. R. Evans was so employed as aforesaid, and at the time said W. R. Evans was so run over and killed as aforesaid (if he was so employed and so run over and killed) he was a minor, that is, was under the age of 21 years, and that the defendant at the time of its said employment of said W. R. Evans knew that he was a minor, or that from the facts known to it and under the circumstances of such employment it ought to have known that said W. R. Evans was then a minor, and that it so employed him without the consent of his said father, J. N. Evans, and further, that the service required of W. R. Evans by defendant under said employment was a dangerous service or employment, and further that at the time he was employed as aforesaid, he, said Evans, was a youth of immature judgment and experience in such service or employment as aforesaid, and further believe from the evidence that after such employment defendant failed to instruct the said Evans in the duties of his position, and to inform and warn him of the dangers thereof, and that because of such immaturity of judgment and inexperience in said business, and want of instruction in the duties of such service and warning as to the dangers thereof, said Evans was incapable of understanding and appreciating the nature and extent of the dangers to which he was exposed in said service, and was thereby and because thereof incapacitated from using and caring for his own safety that degree of care which a man of ordinary prudence would exercise under like circumstances, and that by reason thereof said W. R. Evans was run over by the cars or engine of defendant, and thereby killed, then in such event you will find for the plaintiffs, unless under instructions hereinafter given you should find for the defendant."

In the third paragraph the court thus charged the jury: "You are further instructed, that the fact that the defendant may have employed the plaintiffs' son without their consent, knowing that he was a minor, or knowing facts from which it should have known that he was a minor, if you find this to be a fact, will not of itself constitute negligence on the part of said defendant, nor will it entitle plaintiffs to recover in this case; so that, although you may believe from the evidence that it did employ plaintiffs' said son under circumstances as last aforesaid, yet unless you further believe from the evidence that at the time he was run over and killed as herein aforesaid the said W. R. Evans did not know the nature and extent of the danger to which he was exposed as such brakeman, and that by reason of immaturity and inexperience he did not appreciate such danger, and was unequal from such cause to care for himself as an adult of ordinary prudence would have done under like circumstances, and also that his failure to so understand and appreciate his danger and to be equal to caring for himself as aforesaid was due and owing to the failure of the defendant to properly instruct him as to his duties as such brakeman, and to inform him and warn him as to the dangers of his position, and that because of and by reason of the above

failure of the defendant to so instruct and warn him as aforesaid he was so run over and killed as aforesaid, you will find for the defendant."

The first paragraph of the charge, which we have herein above set out, is assailed in the fifth assignment of error and six propositions thereunder. We overrule all of these propositions, concluding upon them severally as follows:

1. Reading the first paragraph in connection with the third paragraph, we interpret the charge as submitting to the jury the question whether the railway company failed to properly instruct the deceased as to his duties as brakeman and to warn him as to the dangers of that position. The evidence, which we deem it unneccessary to repeat, was at least conflicting upon that issue, and justified its submission by the court.

2. We understand the law to be, that if a railway company employ a minor and appoint him to the performance of a dangerous service, knowing him to be a youth of immature judgment and inexperienced in such service, and if it fail to instruct him as to the dangers of the employment, it violates a "primary obligation," and is guilty of a wrong towards the minor. Railway v. Brick, 83 Texas, 598.

The question is not one so much of negligence as of tort, the latter, indeed, embracing the idea of negligence, but more comprehensive. For the consequences of a tort of this character, the employer would be liable to the minor, if living, and under the terms of the statute to the parent, if the minor be dead, unless, indeed, the parent had consented to the employment. Under the instruction complained of, liability attached on condition that the appellant failed to comply with the duty defined, or, in other words, on condition that the appellant was guilty of the tort described; and the proposition that the charge made the failure to instruct negligence per se is irrelevant to the issue of law presented.

3. There was evidence tending to show that the failure to give instructions pertaining to the duties of Evans' position was the direct cause of the accident, for the testimony introduced by the plaintiff indicates that had the appellant properly instructed the deceased, and thus removed his ignorance in the discharge of the duties of a brakeman, the injuries would not have been inflicted.

4. It will be noted that the charge required the jury to believe that W. R. Evans was killed by reason of the existence of the conditions of liability submitted in the instruction; and hence the charge in effect required the jury to find that these conditions were the proximate cause of the accident.

5. As a condition of liability, the charge required the jury to find that the company knew of Evans' minority at the date of his employment. Having thus found, it was unnecessary from the course of the evidence to submit the issue of knowledge by the defendant of the minor's youth and inexperience. It is manifest from the testimony that the company knew of that inexperience, because the entire course of its testimony whereby it sought to establish the fact that its employes gave the minor sufficient instructions, imports the existence of such knowl-

edge. Whether in fact the company gave such instructions was fairly submitted as an issue to the jury. Hence, under the undisputed evidence, it can not be properly said that the charge required a finding against the defendant, without regard to whether or not its employes knew of the youth and inexperience of the deceased minor.

6. If the father consented to the employment of his minor son, he would have no cause of action against the appellant. Railway v. Jones, 76 Texas, 353. Therefore, it can not be said that the submission of the issue of consent by him could be regarded as irrelevant matter, or that it tended to mislead and confuse the jury to the prejudice of the defendant.

Paragraph sixth of the court's charge reads thus: "You are further instructed, that if you believe from the evidence that after the said W. R. Evans was employed by the defendant, this fact, if it was a fact, became known to the plaintiff J. N. Evans, the father of said W. R. Evans, and that the said J. N. Evans had full knowledge of the fact that said W. R. Evans did not have the sufficient judgment and knowledge to understand and appreciate the extent of the dangers of the position of brakeman on a freight train, and experience and knowledge of the duties thereof to care for himself therein as an adult of ordinary prudence would do, and had not acquired such knowledge, discretion, and experience since his employment, from some source, and that therefore said J. N. Evans acquiesced in the continuance of said W. R. Evans in said employment, then plaintiffs can not recover in this case, and you will find for defendant. A person is deemed to have acquiesced in matter at issue when he, with full knowledge of all the facts thereof, refrains from objecting and enforcing his objection to a proper extent for such a time and under such circumstances that it should be reasonably inferred therefrom that he had waived or abandoned his right to object thereto; and it is for you in this case to determine, should you come to that question, whether or not the said plaintiff acquiesced in the continuance of his son in said employment. The burden of proof as to the issue is on the defendant."

The seventh assignment of error complains of the latter part of this instruction, wherein the court defines to the jury the rule with reference to the issue of acquiescence.

The defendant by its pleading raised this issue. There was evidence sufficient upon which to predicate its submission to the jury. We discern no error in the definition of acquiescence as given in the charge, nor, indeed, is any pointed out by the appellant.

The seventh paragraph of the court's charge is as follows: "Although you may believe that the defendant failed to instruct W. R. Evans as to the risk and danger of getting on or attempting to get on a brake beam of a car in motion, yet if you believe from the evidence that the servants of the defendant, in the exercise of ordinary care, would not have reasonably anticipated that said Evans in the course of his employment and service as such brakeman would have attempted to so get on a running

car, then in such event defendant would not be liable for failure to instruct said Evans with reference to the danger of getting on a moving car. But if such servants, in the exercise of such ordinary care and prudence, should have anticipated such action of said Evans in such manner in the course of his said employment, then it would have been the duty of defendant to have caused him to be instructed as to the same, if he was a minor and did not have sufficient knowledge and experience and discretion to understand and appreciate the danger of such action."

The eighth assignment of error complains of the last part or subdivision of this paragraph. The former or preceding portion of the paragraph but embodied a charge requested by the appellant. If there was error in the submission of the issues indicated by the propositions therein announced, such error was committed at the invitation of the defendant. The decisions now announce the reasonable rule that a litigant may not invite error, and then complain of it. Railway v. Sein, 33 S. W. Rep., 215; Bird v. Ellis, 35 S. W. Rep., 1071.

It will be noted that the propositions announced in the concluding part of this paragraph, made the subject of complaint, are but a converse statement and submission of the propositions and issues announced in the preceding portion. The appellant having requested the court to invite the attention of the jury "to look on this picture," can not reasonably complain that the court, in the exercise of fairness, extended an invitation "to look on that."

This record so abundantly discloses the fact that peril is connected with the position of a brakeman on a freight train that no possible injury could result to the appellant from the action of the court in permitting Evans to testify to his opinion showing that such was the character of the service, or further to state that the head end of a freight train in the yard, throwing switches, was a difficult position for a new man.

The statement of the witness Evans to the effect that he did not go to the headquarters of the company and have his boy discharged, because he was afraid that the latter would get discouraged and leave him, to be hired on some other road, as at that time the railroads were hiring all the boys they could, on account of a strike up North, was admissible as explanatory of the conduct of the father on the issue of acquiescence in the employment of his minor son.

The several special instructions the refusal of which is complained of in the seventeenth, nineteenth and twenty-first assignments of error, were properly refused, as the subject matter thereof, as far as appropriate, was sufficiently covered by the court's general instruction.

We are unable to say that the verdict is without support in the evidence. Hence the judgment is affirmed.

*Affirmed.*

Writ of error refused.