URBAN v. COOK. (No. 52–2729.)

(Commission of Appeals of Texas, Section A. May 28, 1919.)

PARENT AND CHILD ☞7(13) — CONSENT TO EMPLOYMENT—JURY QUESTION.

Where the evening before plaintiff's minor son was injured in defendant's employment he advised his mother that he was employed by defendant to work in his gin and to run the gin stand, and such minor had previously been employed around gins, the question whether the mother consented to the employment was for the jury.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Mrs. N. L. Cook, for herself and minor child, against Pete Urban. A judgment for defendant was reversed by the Court of Civil Appeals (167 S. W. 251), and defendant brings error. Judgment of Court of Civil Appeals modified and affirmed, and cause remanded for new trial.

M. Pazaral, of West, and Morrow & Morrow, of Hillsboro, for plaintiff in error.

Edgar Harold, of Hillsboro, for defendant in error.

TAYLOR, J. Mrs. N. L. Cook, for herself and as next friend of her minor son, Uarmar Cook, sued the defendant, Pete Urban, for damages arising from personal injuries received by her son. The purpose of plaintiff's suit was to recover damages for herself under her common-law right for the value of her son's services, as well as damages for her son, alleged to have accrued to him.

The defendant was the owner of, and operated, a cotton gin 3½ or 4 miles distant from plaintiff's home. The defendant, without consulting the plaintiff, employed her son, who at that time was in his eighteenth year, to run the gin stands in said plant and otherwise assist in running the gin. The nature of the employment entailed the performance of dangerous duties on the part of the son. On the second day of his employment at the gin, while removing accumulated trash from one of the gin stands, his hand was caught in the saws. The minor's theory is that the automatic prop supporting the gin breast slipped, causing it to fall and drive his hand into the saws. The defendant's theory is that the breast did not fall, but that the minor carelessly stuck his hand into the saws. The injuries received resulted in the amputation of the minor's right arm at the shoulder.

The plaintiff alleged a failure on the part of the defendant to furnish proper machinery to work with, and a failure to keep it in repair; that the defendant personally directed her son to remove the trash in the manner he was removing it when injured; that the defendant failed to instruct him as to how to perform his duties, and failed to warn him of the dangers incident thereto.

The plaintiff alleged as grounds for recovery in her suit in her own right, in addition to the foregoing, that the son had been employed without her knowledge or consent. Defendant denied all of the allegations, pleaded that the minor was experienced in gin work, that he assumed the risks ordinarily incident to his employment, and was guilty of contributory negligence. The defendant asserted also that the mother knew of the employment of her son, and acquiesced therein.

The trial resulted in a verdict and judgment for the defendant. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 167 S. W. 251.

We have carefully examined the questions relied on by the appellant (defendant in error) for a reversal of the case, and have concluded that the Court of Civil Appeals did not err in reversing the judgment and re-

manding the cause for another trial. We have reviewed also all of the questions presented in the plaintiff in error's application for the writ (except the question relating to the motion to amend the transcript, which will doubtless not recur on another trial), and are of opinion that the assignments on which the questions are predicated were properly disposed of by the Court of Civil Appeals, except the third and ninth. These assignments assert that the evidence was insufficient to sustain the charge submitting to the jury whether the plaintiff consented by acquiescence to the employment of her son by the defendant.

The defendant testified he did not see the minor's mother about hiring him. The minor testified as follows:

"I went back home after Pete hired me (the same day) and then my brother taken and drove me over there in about a half mile of the gin in a buggy. * * * When we left home his wife and mamma and my sister were there at home. * * * I told them that Pete Urban had hired me to come over there and run his gin stands for him. * * * That was the night I went over there, about 8 or 9 o'clock. * * * That is when I told my mother and sister-in-law and sister that Pete had hired me to work in the gin, to run the gin stand."

The Court of Civil Appeals held that the testimony was admissible as a circumstance tending to establish acquiescence, and thereby consent, to the employment by appellant, but that as a sole circumstance it is insufficient to raise the issue of consent and authorize its submission; in other words, that as a matter of law, under the facts, the mother did not give her consent to the employment.

In the case of Hamilton v. G. H. & S. A. Ry. Co., 54 Tex. 556, relied on by the Court of Civil Appeals, the mother (plaintiff) who was ill and confined to her bed during the period of her son's employment, testified, denying that she had ever consented, directly or indirectly, to her son's employment by the defendant railway company; and the court, in holding the issue of consent was not raised, stated that her testimony as to consent stood uncontradicted. It may be added also that there is no evidence of any employment of the son in railway service prior to that resulting in his injury. In this case the mother (plaintiff) did not testify. It is also in evidence that the minor had, prior to his employment by the defendant, worked at a neighbor's gin "off and on" for two years, and that of this his mother had knowledge. The uncontradicted evidence of the plaintiff in the Hamilton Case, supra, together with the absence of any testimony of the son's employment in railway service prior to that in question, serve to differentiate that case from this.

Whether the plaintiff consented to her son's employment is the basic question in that branch of the case under which recovery is sought by Mrs. Cook in her own right; and the facts, in our opinion were such that the question of whether she consented thereto through acquiescence should have been submitted to the jury, and not determined as a matter of law. M., K. & T. Ry. Co. of Texas v. Evans, 16 Tex. Civ. App. 68, 41 S. W. 80 (writ of error denied).

We recommend, therefore, that the judgment of the Court of Civil Appeals reversing the case should be affirmed, and that the cause should be remanded for a new trial in accordance with the opinion of that honorable court as herein modified.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.