## TEXAS & P. RY. CO. v. GREENE.
### (No. 983–4837.)

Commission of Appeals of Texas, Section A.
Nov. 23, 1927.

Railroads ⬀348(1)—Allegations of negligence in operating train with unfastened car door, injuring pedestrian at crossing, held sustained by evidence.

In action for injuries sustained by pedestrian when struck by swinging door of moving train while standing awaiting its passage over crossing, evidence *held* sufficient to prove negligence in operation of train with car door unfastened as alleged in petition.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by A. H. Greene against the Texas & Pacific Railway Company for personal injuries. Judgment for plaintiff was affirmed by the Court of Civil Appeals (291 S. W. 929), and defendant brings error. Affirmed.

Thompson & Barwise, of Fort Worth, for plaintiff in error.

Jones, Buck & Jones and Raymond E. Buck, all of Fort Worth, for defendant in error.

HARVEY, P. J. A. H. Greene, as plaintiff, recovered judgment against the Texas Pacific Railway Company, the defendant, for the sum of $7,000 damages on account of personal injuries alleged to have been sustained by the plaintiff because of negligence of the defendant. That judgment has been affirmed by the Court of Civil Appeals (291 S. W. 929), and the case is here on writ of error sued out by the railway company.

Henderson street, a much traveled street of the city of Fort Worth, runs north and south, and is intersected and crossed by the track of the defendant, which runs east and west. On the evening of March 19, 1925, the plaintiff, walking north on Henderson street, approached the railway track for the purpose of crossing it. A freight train of defendant was crossing Henderson street at the time. While the plaintiff was standing about two or three feet from the south side of the train, awaiting its passage over the crossing, a door of one of the cars in the train swung out and struck him, resulting in the injuries of which he complains. The train was moving west and was composed of a locomotive, on the front or west end thereof, and 64 cars. The train had been made up in the yards at Fort Worth, and upon being made up it was left standing a short distance east of Henderson street; the front end of the train at that time being about the width of a city block east of the above-mentioned street. The train was standing at this place when the train crew took charge of it, an hour or more before the accident, for the purpose of taking it out on its run. Members of the train crew testified that while the train was standing there they inspected all the cars in the train for the purpose, among other things, of seeing to it that all car doors were securely and properly fastened. After this inspection, the train was put in motion, and while thus in motion the accident in question occurred. These, in substance, are the material facts in evidence, a more detailed statement of which, as well as of the pleadings of the parties, may be found in the opinion of the Court of Civil Appeals.

The chief contention made here by the defendant railway company is to the effect that there is no evidence tending to prove any of the specific acts of negligence charged against the defendant in the plaintiff's petition. This contention, we think, is not well founded. The petition contains averments to the effect that the plaintiff's injuries were caused by the door of a car in the train swinging out and striking the plaintiff as the train was passing him at the crossing on Henderson street. Among other allegations of negligence respecting defects in the door and its appurtenances, the petition alleges a distinct ground of negligence in the following words:

"The defendant negligently hauled in said train a car, the door of which was left open, or negligently insecurely fastened, or negligently left the door in a dangerous position, by reason of all which the door, in the movement of the train, was caused to protrude or extend or swing away from the side of said car as the same was passing the plaintiff and in such a way as to strike the plaintiff," etc.

These averments, with their intendments, present the issue of negligence on the part of the defendant in running its train with a car door in such a loose or unfastened condition as to permit of the door swinging out from the side of the car while the train was in motion. The gist of this charge of negligence consists of the operation of a train with a car door in such an unfastened condition that it would swing out from the side of the car, and not of any particular defect which caused such condition to exist. That the car door was in fact in this condition is shown by the fact that it did swing out and strike the plaintiff while the train was in motion. At the time the door swung out and struck the plaintiff, the train had moved but a few hundred feet from where it had been made up and left standing. These circumstances furnish some evidence of the fact that the door was in the same loose and unfastened condition when the train crew made the inspection they did as it was when it swung out and struck the plaintiff. With this fact found by them, which is presumed to have been done, it was the further province of the jury, in weighing the testimony, to determine that the loose and dangerous

condition of the door was discoverable to the defendant and its servants, by the exercise of ordinary care, and that the defendant was negligent in operating its train with one of the cars in the train in that condition. We have duly considered all other matters of which the plaintiff in error complains, and find no error.

We recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.