Ernest A. Knipp, of Houston, for appellant.

Fitzpatrick & Wells, of Houston, for appellees Louis Lee Adam and wife Doris Adam.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the District Court of Harris County, in an action brought by appellant Bessie W. Adam, plaintiff below, against Louis L. Adam and wife Doris Adam, Rieves A. Adam and Christine Ripka and her husband George Ripka, defendants below, for the title and possession of certain property claimed by appellant as her separate estate and for the partition of other property alleged to be part of the community estate of herself and her deceased husband, L. Lee Adam.

This action was originally brought by appellant against L. Lee Adam in 1932, for divorce and partition of community property. An injunction was issued at the time of the filing of the action restraining the defendant from disposing of any part of the community estate. With the exception of the filing by L. Lee Adam of a formal answer and an inventory and appraisement of the property constituting the community estate, no further action was taken in said original suit until June 11th, 1937, when appellant filed a supplemental petition in which she suggested the death of the defendant, L. Lee Adam, and asked that their surviving children, the above-named defendants, be made parties to said action for the purpose of settling property rights.

By amended petition appellant alleged the ownership as her separate estate of certain property known as Lot No 5, Block No. 4, of the sub-division of 10-acre Lot No. 17, in the J. S. Holman Survey, Harris County, Texas, known as 2819 Hamilton Street, Houston, and that a deed from her deceased husband L. Lee Adam to Louis L. Adam and Doris Adam to property known as Lot 21, Block 1, in William McClintock's Sub-division of the Nathan Fuller Survey in Galveston County, Texas, had been executed and delivered for the purpose of defeating her rights to said property, and in violation of the terms of an injunction theretofore issued in said cause.

Christine Ripka and husband answered by general denial and general demurrer and Louis L. Adam and wife answered by general and special demurrers and by special answer denying appellant's allegations in reference to said Galveston County property. No answer was filed by Rieves A. Adam.

At the conclusion of appellant's evidence, appellees rested their case, offering no testimony in their behalf, and appellant and each of appellees, except the defendant Rieves A. Adam, presented motions for instructed verdicts. The court, on his own motion, struck out the entire testimony of appellant Bessie W. Adam, discharged the jury and rendered judgment against the appellant and in favor of appellees finding in said judgment that both the property known as 2819 Hamilton Street, Houston, and other properties not necessary to be herein mentioned, constituted the community estate of appellant and her deceased husband L. Lee Adam, and that the property known as Lot 21, Block 1, in William McClintock's Sub-division of the Nathan Fuller Survey in Galveston County, Texas, had been conveyed by L. Lee Adam to Louis Lee Adam and that the title to said property was vested in said Louis Lee Adam.

The record discloses that J. R. Waties, the father of appellant, was the owner of the property known as 2819 Hamilton Street, Houston, at the time of his death; that there was an outstanding indebtedness of $2,000, with interest, against said property held by Blake Dupree; that said property was sold by Blake Dupree to L. Lee Adam on May 27th, 1938, for a consideration of $2,750, recited as having been paid by the Real Estate Loan Company of Galveston, Texas, at the request of L. Lee Adam and evidenced by his 92 notes payable to said Real Estate Loan Company, 91 of said notes being for the sum of $40 each and one for the sum of $50. A release, dated April 7th, 1926, recites the payment of all of said notes. Appellant introduced in evidence an instrument dated April 19th, 1918, wherein Blake Dupree agreed, in consideration of the payment to him of $2,496, to convey to Mrs. Lee Adam certain property to be conveyed to him by H. H. Brooks, administrator. Appellant testified, without objection, that the property referred to was the property known as 2819 Hamilton Street, and that said agreement was made in conformity with an agreement between herself and her brother and sister, the sole surviving heirs of their father J. R. Waties, that said property was to be conveyed to her and that said conveyance by Blake Dupree to L. Lee Adam of the property known as 2819 Hamilton street, Houston, was made to L. Lee Adam in trust for her. She further testi-

fied that all of said notes were paid by her son Rieves A. Adam to the Real Estate Loan Company for her benefit and as a gift to her from her said son. The record discloses that approximately one-half of said 92 notes became due and were paid prior to the time that Rieves A. Adam attained his majority in 1922.

Appellant assigns error in the action of the court in striking out her testimony and in discharging the jury and rendering judgment in favor of appellees upon the conclusion of appellant's testimony on the grounds that the documents and evidence in the case had raised the issue as to her separate ownership of the property known as 2819 Hamilton Street, Houston, and that there was no evidence in the record to the contrary.

It is the contention of appellees that where all parties, plaintiff and defendants, have filed a request that the court instruct the jury to return a verdict in their favor, that such request thereupon took the case out of the hands of the jury and that there was a waiver of the rights of all parties to a trial by jury.

■ While there are authorities which bear out appellees' contentions, the rule in Texas is laid down by the Supreme Court in the case of Eberstadt v. State, 92 Tex. 94, 45 S.W. 1007, 1008, in which, in an opinion by Judge Brown, it is held: "The effect of the motion made by the defendants to instruct the jury to find for them has practically the same effect as a demurrer to the evidence in calling for the opinion of the court on the legal sufficiency of the proof, but it does not have the effect to withdraw the case from the jury. If a motion be overruled, the trial must proceed as if it had not been made; and the court cannot, because the motion has been overruled, instruct the jury to find for the plaintiff, upon the ground that the motion admitted the truth of the evidence adduced."

■ This rule is followed in the case of Hunter v. Grant, Tex.Civ.App., 41 S.W.2d 245, writ of error refused, in which it is held that the submission of a peremptory instruction by both plaintiff and defendant did not preclude a trial by jury, if the facts adduced on the trial showed a conflict. Colvin v. Chadwick, Tex.Civ.App., 291 S. W. 639; Morris v. Knepper, Tex.Civ.App., 10 S.W.2d 1012; Long Bell Lumber Co. v. Futch, Tex.Civ.App., 20 S.W.2d 1076; Mil-

ler-Vidor Lumber Co. v. Schreiber, Tex. Civ.App., 298 S.W. 154, writ of error refused.

It also held in the case of Schuyler v. Lacy, Tex.Civ.App., 79 S.W.2d 901, 902, that: "The rule in Texas appears to be settled that in trial of a case to a jury neither party, plaintiff or defendant, waives his right to have conflicting evidence upon material issues determined by the jury, by requesting an instructed verdict, though the opposing party has made a like request."

Appellant further assigns error in the action of the court in striking from the record her testimony in regard to transactions with her deceased husband on the ground that said testimony was entirely competent in that it had been elicited to a large extent upon examination by appellees and without objections by them.

■■ A review of the testimony of appellant discloses that she was allowed to testify, without objection, on both direct and cross-examination, as to alleged transactions with and statements made by her deceased husband in violation of the provisions of Article 3716, Rev.Statutes 1925.

14 Tex.Jur. 329, Section 544 lays down the following rule: "A party may waive the benefit of the rule prohibiting his adversary from giving testimony as to a transaction with a decedent not only by calling his adversary to give such testimony, but also by failing to object when his adversary offers the testimony, or by eliciting such testimony from the witness by questions on cross-examination."

This rule is followed in an unbroken line of authorities.

The Commission of Appeals in the case of Besteiro et al. v. Besteiro et al., Tex. Com.App., 65 S.W.2d 759, 762, in an opinion by Justice Critz says: "We think it is the settled law of this state that testimony coming from witnesses disqualified to testify under article 3716 does have probative force where such testimony is not objected to at the proper time and for the proper reason by the opposite party. In other words, the statutory disqualification of the witness can be waived." Walker v. Fields, Tex.Com.App., 247 S.W. 272; Hein v. Debusk, Tex.Com.App., 277 S.W. 1053; Hunt v. Garrett, Tex.Civ.App., 275 S.W. 96; Hearon v. Jackson, Tex.Civ.App., 109 S.W.2d 230; Reynolds v. Porter et al., Tex.Civ.App., 54 S.W.2d 1086; Walkup et

al., v. Stone, Tex.Civ.App., 73 S.W.2d 912.

Other assignments of error are raised by appellant and discussed by her in her brief. Since, however, this cause must be reversed and remanded, they will, in all probability not arise upon a subsequent trial; it is accordingly deemed unnecessary to discuss them.

For the errors above pointed out the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

Court of Civil Appeals of Texas. Eastland.