## ED. A. COLLINS V. ROEN I. SMITH ET AL.

No. 8126. Decided November 17, 1943.
Rehearing overruled December 15, 1943.
(175 S. W., 2d Series, 407.)

*Crain, Vandenberge & Stofer,* of Victoria, and *Lightfoot, Robertson & Gano,* of Fort Worth, for petitioners.

It was error for the Court of Civil Appeals to hold that the motion to strike the testimony of the plaintiff witnesses as to their transactions with and declarations by their deceased brother, which was incompetent testimony and improperly al-mitted in evidence, came too late when said motion was filed and presented to the court before the charge had been read to the jury, or the .jury had considered any of the evidence or deliberated on their verdict. Holland v. Nimitz, 111 Texas 419, 239 S. W. 185; Parker v. Allison, 22 S..W. (2d) 338; 14 Tex. Jur., 327.

*J. W. Ragsdale,* of Victoria, and *Merrill & Scott,* of Houston, for respondents.

MR. JUDGE BREWSTER, of the Commission of Appeals, deliv-ered the opinion for the Court.

Clarence Smith died about twenty six hours after being in-jured in a collision between two Ford "pick-ups," one driven by himself and the other by George Edge, the agent of petitioner, Ed A. Collins. This is a suit by respondents, Roen I. Smith et al, the deceased's eight brothers and sisters, as his next of kin and only surviving heirs, to recover damages for his conscious physical pain, expenses of his last sickness and burial, and dam-ages to his truck. A jury verdict resulted in judgment for respondents for $9,908.59, $9,000.00 of which was for the de-ceased's physical pain. That judgment was affirmed by the Court of Civil Appeals. 170 S. W. (2d) 562.

That the deceased suffered physical pain was established largely by the testimony of four of the respondents, which tes-timony was clearly objectionable under Art. 3716, R. S., 1925, if that objection had been made when the testimony was offered. The case closed at 2:30 P. M., when the charge was submitted to both sides for objection and the jury excused until 9 o'clock the next morning. At. 8:30, the next morning, petitioner moved to exclude all this testimony because of the provisions of Art.

3716, supra. It was his first suggestion that the witnesses were disqualified under that statute. The trial court overruled the motion. The Court of Civil Appeals held that action was correct because the motion came too late.

■ The question was settled by this Court as early as 1889, in Missouri Pacific Ry. Co. v. Mitchell, 75 Texas, 77, 12 S. W. 810. In that case a doctor testified, without objection, to symptoms of injury related to him by the injured party. Later the defendant requested the court to instruct the jury not to consider the evidence. The request was refused. As to that action this Court said, "We think the evidence was improper, and, if it had been objected to when offered, it ought to have been excluded. The objection, however, came too late when interposed for the first time in the form of a charge to the jury, and the Court properly refused to give the charge." We see no difference, as relating to the question before us, between a requested instruction to disregard testimony and a motion to strike it, since the granting of either necessitates an instruction to the jury to disregard the testimony. Certainly the time element is the same here as it was in that case. It is said in 64 C. J., p. 215, sec. 224, that a motion to strike must ordinarily be made at the time the testimony is given, if the fact that it is objectionable is then apparent; that the court may properly overrule the motion if it is not made until after the witnesses have been discharged, or the close of the complaining party's case, or the conclusion of the evidence. In this case the taking of testimony had been concluded early in the afternoon on the day before the motion was offered, and, presumably, the witnesses had been excused. The trial court did not err, under those circumstances, in overruling the motion. For a late case in point, see the opinion on rehearing in Traders & General Ins. Co. v. Wright (Civ. App.), 95 S. W. (2d) 753, 766, affirmed by this Court in 132 Texas 172, 123 S. W. (2d) 314, 317.

■ Petitioner insists that this testimony had no probative force, even if admitted without objection. The disqualification of witnesses under Art. 3716, supra, can be waived by failure to object at the proper time and for the proper reason, and when the disqualification is so waived the testimony has probative force. Besteiro v. Besteiro (Com. App.), 65 S. W. (2d) 759; Adam v. Adam et al (Civ. App.), 127 S. W. (2d) 1001; 14 Tex. Jur., p. 329, sec. 544.

■ In his fourth point of error petitioner complains that the award of $9,000.00 damages for the deceased's conscious physical

pain was excessive. The Court of Civil Appeals refused to consider the question on the ground that it was not raised in the motion for a new trial, and that conclusion is attached in petitioner's third point of error. Both points must be overruled.

The only language in the motion for new trial now claimed to raise the issue of excessiveness is: "The answer of the jury to Special Issue No. 11 submitted to the jury in the main charge of the Court is erroneous, and there is no evidence to support same and said answer and finding of the jury is contrary to and opposed to the great mass of the credible testimony and to such an extent that said answer is manifestly wrong, and it is evident that in answering said issue as they did, the jury was not guided by the evidence and the Court's charge, but their answer is based upon, and is the result of, prejudice or sympathy, or passion, or some motive other than a desire to return a verdict based on the evidence and the Court's charge." That language suggested to the trial court that the answer to special issue No. 11 was either without any evidence to support it or without sufficient evidence to support it, and showed that the jury disregarded the evidence and the charge and made the answer because of prejudice, passion or sympathy. It says nothing more.

Rule 320, Texas Rules of Civil Procedure, says that a motion for new trial "shall specify each ground on which it is founded, and no ground not specified shall be considered." In that respect the rule is merely Art. 2232, R. S. 1925, which, in substantially the same language, has been the law in Texas for many years. The word *specify* means "to mention or name in a specific or explicit manner; to tell or state precisely or in detail." Webster's New International Dictionary, 2d. Ed. It simply cannot be said that the quoted language of the motion mentions in a specific or explicit manner or states precisely that the answer of the jury to special issue No. 11 was excessive. As to that it is neither explicit nor precise, since it clearly charges that the vice complained of attached to the entire amount fixed by the jury, not to a part only as would be the case were the amount excessive. Nor is the language such that the objection of excessiveness now sought to be raised could be "clearly identified and understood by the court" as required by Rule 321, ibid. Recent cases in point are Texas Indemnity Ins. Co. v. Warner (Civ. App.), 159 S. W. (2d) 173 (er. ref. want of merit) ; and Traders & General Ins. Co. v. May (Civ. App.), 168 S. W. (2d) 267 (er. ref. want of merit).

■ We agree with the courts below that there was no issue of unavoidable accident. That issue exists only when there is evidence that something other than the negligence of one of the parties caused the injuries complained of. Hicks v. Brown, 136 Texas, 399, 151 S. W. (2d) 790. The collision occurred on a "flat" curve on a paved highway. A black line marked the center of the road. Petitioner's truck was on its extreme lefthand side of the pavement, and a mark led directly from its left rear wheel to where it crossed the center line of the highway some 70 or 75 steps back. Smith's truck was partly off the pavement on its right-hand side of the highway, and there were skid marks for some time three or four yards behind its rear wheels. Because of his very serious injuries, Edge could not recall the circumstances immediately preceding the collision, but he did testify that the curve in the road was not such as to prevent his seeing an approaching vehicle for some fifty yards, and there was no evidence that fog or other weather conditions obscured his vision. There was no evidence that the road was slippery or that there was any other vehicle or any livestock upon it near the scene of the collision. Nor was there any evidence that there was any break in the mechanism of petitioner's truck, particularly its steering apparatus, immediately before the collision. We do not see how this evidence raised any issue that the collision occurred from any cause other than the negligence of one of the drivers. Therefore, the trial court did not err in refusing to submit the issue to the jury.

Because of the testimony just summarized, the trial court did not err in submitting an issue as to whether Edge failed to pass Smith's truck on the right so as to give it one half of the paved portion of the road.

The jury finding that Edge did not yield half the road and that the same was negligence and a proximate cause of plaintiff's damages was sufficient to support the trial court's judgment. Hence it is unnecessary to consider whether there was error in submitting issues on proper lookout and excessive speed.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 17, 1943.

Rehearing overruled December 15, 1943.