## LOUISIANA & A. RY. CO. v. CHAPIN et al.

### No. 6475.

Court of Civil Appeals of Texas. Texarkana.

Nov. 10, 1949.

Rehearing Denied Dec. 1, 1949.

L. L. Bowman, Jr., Greenville, for appellant.

Carter, Gallagher & Barker, Dallas, Ralph R. Rash, Sulphur Springs, for appellees.

LINCOLN, Justice.

The appellees, as surviving widow and minor children of Roger Chapin, recovered judgment against the appellant for damages resulting in the death of Roger Chapin, which was occasioned by a collision between appellant's train and the deceased's automobile in Sulphur Springs, Texas, where Main Street crosses appellant's railroad tract. In response to the special issues submitted to them, the jury found:

(1) That immediately before the collision the deceased was in a position of peril, that the operatives of the train discovered his position of peril before the collision in time that, by the exercise of ordinary care and the use of all the means at hand consistent with safety to themselves, the train and the occupants thereof, the collision could have been avoided, that the operatives of the train failed to exercise ordinary care to avoid the collision, and that such failure was a proximate cause of the collision.

(2) That the operatives of the train were operating the same at a negligent rate of speed immediately prior to the collision, and that such negligence was a proximate cause thereof.

(3) That the operatives of the train were operating the same at a rate of speed in excess of the limits fixed by ordinance of the City of Sulphur Springs, and that this was a proximate cause of the collision.

(4) That the operatives negligently failed to sand the rails, and such failure was a proximate cause of the collision.

(5) That the appellant negligently failed to have the water car attached to the engine equipped with adequate brakes and in good working order, and that such failure was a proximate cause of the collision.

(6) That appellant negligently failed to properly inspect the brakes on the water car of the train prior to the collision, and that such failure was a proximate cause thereof.

(7) That the collision in question was not the result of an unavoidable accident.

(8) That Roger Chapin was not guilty of contributory negligence in any respect submitted to them, which proximately contributed to cause the collision.

It would not serve any useful purpose to set out the evidence found in the record, since appellant does not challenge its sufficiency to support the foregoing findings.

Appellant presents numerous other points challenging the verdict as being unsupported by and contrary to the evidence, among them failure to keep a proper lookout, failure to blow the whistle or ring the bell as required by law, failure to apply brakes, failure to place the engine in reverse gear, and that the crossing was an extra hazardous one.

"An affirmative answer to any of the issues submitted, wherein it was found that the company was guilty of negligence, and that such negligence was a proximate cause of the death of deceased, would support the judgment rendered in this case. If it be conceded that certain issues were improperly submitted, in view of this record they become immaterial and harmless." Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247, 253.

In Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 410, it is said: "The jury finding that Edge did not yield half the road and that the same was negligence and a proximate cause of plaintiff's damages was sufficient to support the trial court's judgment. Hence it is unnecessary to consider whether there was error is submitting issues on proper lookout and excessive speed."

■ This being the rule, we find no reversible error in the action of the trial court in submitting the issues complained of. See also, Dallas Ry. & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863, affirmed by the Supreme Court, 147 Tex. 383, 215 S.W.2d 862.

The appellant urges error in the allowance of funeral expenses and asserts that such expenses are not a proper item of recovery in an action for damages for death, because they are a natural and certain expense which must be incurred sooner or later, and were not increased by the injury.

■ The appellant in its brief presents a plausible argument and gives an excellent analysis of the holdings of Texas courts in numerous cases. Counsel for appellant takes the position that, although funeral expenses have been allowed in various types of cases, there is no sound logical basis for the rule, and it should not be followed. We must admit that there is considerable force to this argument, but we believe the rule is now so firmly fixed in judicial decisions of this state that we are not at liberty to reverse the long line of decisions, even though we might fully agree with the argument presented. The following decisions among others, have upheld allowance for funeral expenses. City of Galveston v. Barbour, 62 Tex. 172, 50 Am. Rep. 519; Gulf C. & S. F. Ry. Co. v. Southwick, Tex.Civ.App., 30 S.W. 592; Missouri K. & T. Ry. Co. of Texas v. Evans, 16 Tex. Civ.App. 68, 41 S.W. 80; Citizens' Ry. Co. v. Washington, 24 Tex.Civ.App. 422, 58 S.W. 1042; Smith v. Farrington, 117 Tex. 459, 6 S.W.2d 736; Pearce v. Hallum,

Tex.Civ.App., 30 S.W.2d 399; Jenney v. Jackson, Tex.Civ.App., 46 S.W.2d 418; Humble Oil & Refining Co. v. Ooley, Tex. Civ.App., 46 S.W.2d 1038; South Texas Coaches, Inc., v. Eastland, Tex.Civ.App., 101 S.W.2d 878; Armstrong v. Marshall, Tex.Civ.App., 146 S.W.2d 250; Bohn Bros. v. Turner, Tex.Civ.App., 182 S.W.2d 419. We overrule the point of error.

■ Appellant asserts that the judgment in favor of the widow and of each of the two minor children is excessive. The verdict of the jury allowed damages to Mrs. Chapin in the sum of $20,000, and for each of the two minor children $7,000. At the time of the accident the deceased was 45 years old, Mrs. Chapin was 35, David Chapin was about 5 years old and and Jimmie Chapin was 8 or 9 months old. Deceased was a strong, able-bodied man in good health, earning from $350 to $400 per month. He contributed financially to the support of his family, devoted all his time in the operation of his cafe business, to working around his home, and assisted in the care, training and development of his children. He aided in household duties in such manner as he could, advised and counseled with his wife on the problems of rearing the children and managing and taking care of the home.

■ Appellant points out that no evidence was introduced showing the life expectancy of the deceased nor of the beneficiaries. However, no such evidence is necessary. 33 Tex.Jur. 195-197; Texas & P. Ry. Co. v. Lester, 75 Tex. 56, 12 S.W. 955; Missouri Pacific Ry. Co. v. Lehmberg, 75 Tex. 61, 12 S.W. 838; Gulf, C. & S. F. Ry. Co. v. Compton, 75 Tex. 667, 13 S.W. 667; Baray v. Escobedo, Tex. Civ.App., 259 S.W. 1099.

■ The statute in such cases provides that for wrongful injuries resulting in death "the jury may give such damages as they think proportionate to the injury resulting from such death." Art. 4677, R.S. The difficulties of proof in such matters are well known to the legal profession. No rule is prescribed for making the calculations. Exact ascertainment is obviously not possible. Juries from their own knowledge, experience and sense of justice are called upon to fix the compensation with reference as far as possible to conditions existing at the time of death. They are not to be influenced by passion or prejudice. The jury's estimate is not defined, but any estimate of the court is likewise undefined. The judgment of the jury is as good as that of the court, and it should prevail unless it appears that the verdict is influenced by passion or prejudice and is not the result of honest convictions.

In Hines v. Mills, Tex.Civ.App., 218 S.W. 777, this court upheld a verdict and judgment for $40,000. In Texas & Pacific Ry. Co. v. Riley, Tex.Civ.App., 183 S.W.2d 991, this court upheld a verdict for $30,000. We are of the opinion the facts of this case are as strong as in either of those cases, and that under these facts and circumstances the verdict and judgment for $20,000 for the surviving wife and $7,000 for each of the two minor children are not excessive.

■ The verdict also fixed $1,000 for the loss of the deceased's automobile as a result of the collision. Proof definitely established the loss at this value. There was a stipulation that the funeral expenses amounted to $624.50 and that the same were reasonable and necessary. The judgment allowed Mrs. Chapin $21,094.50, and to each of the minor children $7,235.00, aggregating $35,564.50. Under the verdict of the jury alone it should have been $35,000. The additional sum of $564.50 presumably is for the funeral expenses since there was a stipulation that they amounted to $624.50 and there is no evidence of any other item of damage. If this sum of $564.50 represents allowance of funeral expenses it is less than the amount stipulated and the appellant is not injured by the judgment in that respect. The court has evidently made apportionment of the funeral expenses and of the allowance for the automobile, as these issues were not submitted to the jury. Even though his apportionment might be error, and his allowance for funeral expenses might likewise be error as to the amount, the errors, if any, are harmless and cannot be taken

advantage of by the appellant. See Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191, for discussion of harmless error.

The judgment of the district court is affirmed.