ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant,

v.

J. H. WALKER, Appellee.

No. 7376.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 14, 1962.

Rehearing Denied Sept. 11, 1962.

Clyde W. Fiddes, Roy P. Cosper, Tyler, Russell & Perkins, Mt. Pleasant, Calhoun & Calhoun, Tyler, for appellant.

Jones, Brian & Jones, Marshall, T. R. Florey, Jr., Mt. Pleasant, for appellee.

DAVIS, Justice.

Plaintiff-appellee, J. H. Walker, sued the defendant-appellant for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., for injuries sustained by the appellee on January 9, 1958. Appellee was a brakeman and was engaged in switching some cars when a knuckle was broken between two cars and he and a fellow brakeman were engaged in making repairs. At the time the knuckle was broken, the two cars separated and were about 75 feet apart. The brakeman had already signaled the engineer to stop, and had not given any other signal for the moving of the train. While the appellee and his fellow brakeman were repairing the knuckle, no signal whatever being given by them, the cars attached to the engine were moved into the brakemen from the rear, without warning, with such force as to move the entire train about 100 to 150 feet. Appellee was struck in the back, knocked down, and finally emerged from the track. This movement inflicted injuries on appellee for which he sued. Trial was to a jury, resulting in a verdict and judgment in favor of the appellee for the sum of $51,600.00 for his injuries and $223.-50 for extra medical expenses. From this judgment, the appellant has perfected its appeal and brings forward twelve points of error.

By Point One it complains of the misconduct on the part of the jury in ar-

riving at their verdict by quotient or lot. In the hearing on the motion for new trial, appellant proved that the jury had agreed on certain figures, but they had not agreed upon the percentage of disability for the appellee. The case was tried before eleven jurors. They each put down on a piece of paper the percentage of disability they thought the appellee had suffered. This was added and divided by eleven. It came to 43%. The jury had previously agreed that his total earning capacity would amount to $120,000.00. They took 43% of $120,000, which amounted to $51,600.00. The appellant did not prove that there was a pre-agreement to be bound by the percentage or the amount of the verdict. The two jurors who testified both swore that they voted upon the verdict twice after they had taken a quotient percentage of disability. They both swore that there was no pre-agreement to be bound by the figures. We have recently had the occasion to study a quotient verdict in Missouri-Kansas-Texas Railway Company v. Chesher, Tex.Civ.App., 354 S.W.2d 645, W/R., N.R.E., where we held that under Rule 327, Texas Rules Civil Procedure, a complainant in a motion for new trial alleging jury misconduct must not only prove the misconduct, but must show that the misconduct resulted in an injury. In that case, we held that the verdict was a quotient verdict, but that the jury did not have an agreement to be bound by the verdict after the figures were arrived at. Much research was made on the question of a quotient verdict and the authorities in point are cited therein. The point is overruled.

■ By its points, 2, 3, 4, and 5, it says the trial court erred because of the excessiveness of the verdict, because there was no evidence, the evidence is insufficient, that the verdict was actuated by sympathy, passion or prejudice or improper motive outside of the record in this case, and the jury did not take into consideration the present value of money in arriving at the same. Seven witnesses testified as to his injuries. Dr. P. M. DeCharles testified about the injuries which included subluxation of a vertebra in his back, about the disability to his neck, about the scar tissue and its effect, that in his opinion the condition was permanent and he could never have the use of his neck as he had before the injury. The doctor did not testify as to the percentage of disability, but he did testify that on occasions it would run to as high as 75%, and sometimes he wouldn't have any. He testified that was what could be expected in an injury of the type that he found with the appellee. An accountant testified as to the gross earnings of the appellee, and another witness brought forth annuity tables showing the sum of $120,-212.68 would be required to provide a single premium immediate life maturity to pay $471.72 monthly to a person 43 years of age over his life expectancy. The evidence is sufficient to support the jury verdict. Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918; Verhalen v. Nash, Tex.Civ.App., 330 S.W. 2d 676, wr. ref., n.r.e.

The verdict is not excessive. Houston and Great Northern Railroad Company v. Frank T. Randall, 50 Tex. 254. The verdict was not occasioned nor influenced by passion or prejudice. Louisiana & A. Ry. Co. v. Chapin et al. (Tex.Civ.App.), 225 S. W.2d 614, wr. ref. See, also, 16 A.L.R.2d 306, § 117, and A.L.R.2d Supp.1961, Jan. issue, p. 189, § 22, and p. 204, § 117; McCollum v. McKellar, Tex.Civ.App., 337 S.W.2d 693, er. ref., n.r.e. The points are overruled.

■ By its points 6 and 7 the appellant complains of the argument of one of the attorneys for the appellee. From the Bills of Exception brought forward in the case, and qualified by the trial court, it seems that the argument was not objected to at the time it was given. The appellant waived the error, if any. Younger Broth-

ers, Inc. v. Myers, 159 Tex. 585, 324 S.W. 2d 546. The points are overruled.

Points 8, 9, 10, 11 and 12 are without merit and are respectfully overruled.

The judgment of the trial court is affirmed.