**Gene W. WHITE, Appellant,**

v.

**R. J. WELCH, Appellee.**

No. 80.

Court of Civil Appeals of Texas.

Corpus Christi.

July 9, 1964.

C. Pearce Schaudies, Harlingen, for appellant.

Jon Dee Lawrence of Smith, McIlheran & Jenkins, Weslaco, for appellee.

GREEN, Chief Justice.

Based on a jury verdict, judgment was rendered for appellee R. J. Welch against appellant Gene W. White for $1,895.00 on a sworn account, plus $500.00 reasonable attorney's fee. We affirm.

No statement of facts has been filed with us in this case.

From the pleadings of the parties, it appears that appellant and his ex-wife Phyllis K. White, following divorce, employed appellee, a certified public accountant, to perform certain services in connection with the partitioning of their community property. In a suit between the Whites involving the division of such property, being cause No. 39,926B, District Court, Cameron County, Texas, judgment was rendered, paragraph 15 of which reads as follows:

"It is ORDERED, ADJUDGED AND DECREED that the defendant, Gene W. White, assumes and agrees to pay all auditing bills in the amount of $2,215.00 as of May 4, 1961, due to R. J. Welch, Auditor, arising out of auditing services performed on problems of said Plaintiff and said Defendant prior to such date, and said Defendant agrees to hold said Plaintiff harmless on account of any such bills, claims or services."

The present suit was filed by appellee R. J. Welch against appellant Gene W. White and Phyllis K. White, to recover judgment for said auditing bills, less a payment by appellant of $319.95, and for reasonable attorney fees. Prior to proceeding to trial, an order of non-suit against Phyllis K. White was entered by the court on motion of appellee (plaintiff), leaving appellant as the only defendant in the case.

Appellant's brief contains three points upon which he bases his appeal, as follows:

## APPELLANT'S FIRST POINT

Appellee (plaintiff below), after filing this suit (#40497 on December 21, 1961), abandoned same and made an election of remedies, and therefore was estopped to pursue this suit, after filing for a Writ of Garnishment (#40614–B on February 13, 1962), stated therein on oath that he had a valid subsisting final judgment in Cause #39926–B, (which was dated July 12, 1961).

## APPELLANT'S SECOND POINT

The Court below erred in allowing Appellee (Plaintiff below) to include paragraph 15 of Cause #39926–B, in Plaintiff's First Amended Original Petition, over Defendant's timely exception, and read same to the jury and put same in evidence.

## APPELLANT'S THIRD POINT

Phyllis K. White was a necessary party to this suit, as primary obligor, and when the Appellee took a non-suit as to her, he then lost his right to proceed and take a valid judgment against Gene W. White.

None of these points are germane to any assignment contained in appellants Amended Motion for a New Trial filed in the trial court. As stated above, this was a trial before a jury, and the court's judgment is based on the verdict of the jury. This appeal is from an order of the trial court overruling appellant's amended motion for a new trial. The one and only ground for new trial contained in said motion was an allegation of improper jury argument by appellee's attorney. The alleged improper argument is not presented to us by either bill of exception or point of error. The trial court was not advised by said motion that appellant would seek a new trial for any other alleged error.

Appellee's Counterpoint No. 1 reads as follows:

"No error is presented to the court for consideration in any of appellant's three points of error because none of the points were preserved in appellant's Amended Motion for New Trial."

■ Under the well-established law of this State, this counterpoint must be sustained. Collins v. Smith, Tex.Com.App., 142 Tex. 36, 175 S.W.2d 407, Nixon v. Nixon, Tex.Civ.App., 348 S.W.2d 438, writ dis.; Geochemical Surveys v. Dietz, Tex. Civ.App., 340 S.W.2d 114, writ ref. n. r. e.; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909, writ ref., n. r. e.; Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W. 2d 906, writ ref.; Rules 320, 321, 324, 325, Texas Rules of Civil Procedure; Appellate Procedure in Texas, Chapter 8, Secs. 8.1, 8.2, 8.11(2); McDonald, Texas Civil Practice, Vol. 4, § 18.04. Since appellant's Points of Error are not germane to any assignment contained in his Amended Motion for New Trial, and since they do not fall within any of the exceptions contained in Rule 324, T.R.C.P. we cannot consider them as basis for a reversal of the judgment.

■ Appellant in a supplemental brief says that the points upon which he bases his appeal raise a question of fundamental error having been committed by the trial court. In an appeal of which the appellate court has jurisdiction, if the record discloses fundamental error the appellate court should consider and determine same regardless of whether it is raised by proper assignment. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Appellate Procedure in Texas, Chap. 7, Sec. 7.2. However, a thorough study of the record convinces us that no such fundamental error is present, and we overrule this contention of appellant.

Judgment affirmed.