**J. WEINGARTEN, INC., Appellant,**

v.

**Virginia NALLIE et vir, Appellees.**

**No. 7612.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 14, 1974.

Rehearing Denied Dec. 12, 1974.

Richard N. Evans, James R. Lee, Beaumont, for appellant.

Thomas A. Peterson, Harold Peterson, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries to Virginia Nallie received by her when she slipped and fell in the store owned and operated by defendant, J. Weingarten, Inc. Trial was by jury and judgment was for plaintiff upon the jury verdict. The parties will be referred to here as they were in the trial court.

The jury found: That plaintiff slipped on a bean and water on the floor near the produce counter. That defendant knew or, in the exercise of ordinary care, should have known of the presence of beans and water on the floor in sufficient time to cause the same to be removed before plaintiff slipped and fell. That the failure to cause the beans and water to be removed was negligence and a proximate cause of plaintiff's injuries. That defendant knew, or should have known, of the presence of the beans and water on the floor in sufficient time to warn plaintiff before she slipped and fell. That defendant failed to warn plaintiff of the presence of such beans and water. That such failure was negligence and a proximate cause of plaintiff's injuries. The jury failed to find any contributory negligence on the part of plaintiff.

Defendant's first point of error is that the trial court erred in overruling its motion for instructed verdict in that there was no evidence presented or, in the alternative, insufficient evidence presented as to the length of time the water and beans were on the floor prior to the time plaintiff allegedly slipped and fell on them.

Defendant's second point of error is that the trial court erred in overruling defendant's motion for judgment non obstante veredicto in that there was no evidence, and at the most insufficient evidence that defendant knew or, in the exercise of ordinary care, should have known that beans and water were on the floor near the produce counter before the plaintiff slipped and fell. "More specifically that there was no evidence or at best insufficient evidence that the beans and water had remained on the defendant's floor for such a length of time that by the exercise of ordinary care the defendant should have discovered them and removed them."

■ A brief review of the law pertaining to owner-occupier/invitee cases is necessary to bring into focus the questions arising in this case and their disposition. The most recent Supreme Court case in Texas covering the general subject is Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972) at Pages 454, 455, this is written:

"The duty is that which is summarized in Restatement (Second) of Torts § 343 (1965):

"§ 343. Dangerous Conditions Known to or Discoverable by Possessor

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger.

"The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts § 343, Comment b (1965)."

See also, Western Auto Supply Company v. Campbell, 373 S.W.2d 735 (Tex.1963). The effect of these cases and the Second Restatement is that the owner-occupier must either protect the invitee from the dangerous condition or warn him of such condition. That is, if the owner-occupier knows, or by the exercise of ordinary care would discover the condition, and the invitee does not know of the condition, then the owner-occupier must protect the invitee by removing the condition or warning the invitee.

■ Thus, a plaintiff in a slip and fall case has two separate grounds of recovery, one based upon a failure to remove a dangerous condition, and a second based upon a failure to warn. In the case before us, plaintiff has pleading and jury findings as to both grounds of recovery. It was not necessary for plaintiff to secure favorable findings as to both "failure to remove" and "failure to warn" as either ground for recovery would be sufficient for a judgment in her favor.

■ A close examination of defendant's points of error reveal that defendant has not attacked the jury findings as to "failure to warn." As written above, defendant's first point of error is based upon the trial court's failure to grant its motion for instructed verdict. That motion for instructed verdict is written in specific terms and mentions only that there is no evidence as to defendant's "failure to remove" the beans or water. The second point of error complains of the trial court's refusal to grant defendant's motion for judgment non obstante veredicto and again raises only the question as to the evidence concerning defendant's "failure to remove" the beans and water. This court is well aware of the liberal rule of construction of points of error as set forth in Fambrough v. Wag-

ley, 140 Tex. 577, 169 S.W.2d 478 (1943), and always gives appellants the benefit of all doubt as to the sufficiency of a point of error. We have carefully studied defendant's brief looking to the points, statements, and arguments, and find nothing to allow this court to consider questions as to whether the evidence supported the jury findings as to "failure to warn."

However, assuming arguendo that defendant had raised those questions, such points of error would have been overruled. Such points of error would be "no-evidence" points and in passing upon them we would be able to consider only the evidence favorable to the jury findings.

Defendant called its employee, Deborah Grable, as its last witness. She testified she was looking at plaintiff when plaintiff was getting some string beans and putting them into a bag. Plaintiff was trying to pick out some good ones and spilled some on the floor. She then turned back, and reached her cart, and put the beans in the cart. Then, she turned back again and fell. This witness testified that she was kneeling down on one knee putting lunch meats into the bottom shelf of the delicatessen case when she saw the plaintiff fall. She estimated the distance between them to be forty feet. She testified she did not have time to get up and go down and get the beans off of the floor before plaintiff fell. However, no questions were asked about the amount of time it would have taken to warn plaintiff of the beans on the floor by shouting to plaintiff before she fell. The jury could have concluded from the testimony that a reasonably prudent person under the same circumstance would have had time to warn plaintiff while the foregoing incident took place.

■ If the questions were before us, we would find that the evidence supports the jury findings as to "failure to warn" and the points of error as to "failure to remove" would become immaterial. Texas Rules of Civil Procedure, rule 434. See Collins v. Smith, 142 Tex. 36, 175 S.W.2d

407 (1943). Even though this jury convicted defendant of both "failure to remove" and "failure to warn," it is apparent that the jury could have found the defendant had time to warn even though it did not have time to remove.

Affirmed.

KEITH, Justice (concurring).

I concur in the affirmation of this case only because the defendant (our appellant) has not discharged the burden placed upon him by the doctrine enunciated in The Englander Company v. Kennedy, 428 S.W.2d 806, 807 (Tex.1968): "The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal."

The trial court's judgment rested upon two findings of negligence proximately causing the injury and damage: (a) failure to remove the beans and water from the floor and (b) failure to warn of the presence of the beans and the water on the floor. Defendant has attacked only the first and has no points directed at the second prong of the award. With a judgment resting upon two distinct findings of negligence, any error relating to the one challenged is immaterial as a matter of law. Tex-Jersey Oil Corporation v. Beck, 157 Tex. 541, 305 S.W.2d 162, 165 (1957); Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 410 (1943); Louisiana & A. Ry. Co. v. Chapin, 225 S.W.2d 614, 615 (Tex.Civ. App.—Texarkana 1949, writ ref'd). See also, 4 Tex.Jur.2d Rev., Part 2, Appeal & Error § 867, at 503, 513 (1974).

While the courts are committed to a liberal construction of the briefing rules, heretofore it has been generally conceded that points of error are an indispensable part of every appellate brief. See, e. g., Wagley v. Fambrough, 163 S.W.2d 1072, 1074 (Tex.Civ.App.—Eastland, 1942), affirmed, 140 Tex. 577, 169 S.W.2d 478 (1943); Rossi v. Johnson, 355 S.W.2d 582, 583 (Tex.Civ.App.—San Antonio, 1962, no

writ). In this instance, the majority has created its own phantom point which is promptly overruled after it has conducted its own independent examination of the record. I submit that this is impermissible. Isenhower v. Bell, 365 S.W.2d 354, 358 (Tex.1963).

Points not urged upon a court of civil appeals by an appellant cannot form the basis of its judgment. State Farm Mutual Automobile Ins. Co. v. Cowley, 468 S.W.2d 353, 354 (Tex.1971). Having failed to present a point with reference to a failure to warn, defendant waived and abandoned its right to complain thereof. Bickler v. Bickler, 403 S.W.2d 354, 361 (Tex.1966).

Thus, I do not subscribe to that portion of the opinion which discusses the law and the facts with reference to the failure to warn. There being no challenge to the judgment on that score, such comments constitute obiter dictum. Nevertheless, on the record presented to this court, I am obliged to join in the affirmation of the judgment.