**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

Harold G. JANSEN, Appellee.

No. 3995.

Court of Civil Appeals of Texas.

Waco.

May 17, 1962.

Rehearing Denied June 7, 1962.

Joe Bailey Humphreys, Dallas, for appellant.

Jones, Phillips, Barnes & Watkins, Jack Gay, Dallas, for appellee.

WILSON, Justice.

Insurer appeals from judgment for benefits under its hospitalization policy.

Appellant's points are such as the court "erred in failing to sustain appellant's motion for instructed verdict," and motion for judgment; "the court erred in overruling appellant's motion for new trial"; "the judgment (and verdict) is without support in the evidence"; the court erred in overruling appellant's objections "to the charge," and "special exceptions to appellee's petition."

The motion for instructed verdict states no specific ground therefor, as required by Rule 268, Texas Rules of Civil Procedure. The motion for new trial contains no specific grounds, but its generality is characterized by the quoted points. Both the motion for new trial and these points are too general to preserve any error for review, to require consideration, or to constitute a basis on which to predicate reversal. Rules 321, 322; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W. 2d 909, writ ref. n. r. e., and cases cited.

By a liberal construction of the Rules, however, we consider appellant's point that the court erred in overruling its "motion for correct judgment" as being a complaint of overruling a motion for judgment notwithstanding the verdict, not required to be preserved in the motion for new trial. This motion asserted there was no evidence to support the jury finding that the institution to which appellee was admitted was a "hospital" under the policy definition of that term; or the further finding that he was "not suffering from a nervous or mental disorder during the term of his confinement" therein.

The policy provided insurer would pay certain benefits for expense of hospital confinement resulting from sickness. It excluded hospitalization and other loss "for nervous or mental disorders or rest cure." Insurer pleaded the exclusion, alleging the confinement was the result of a nervous or mental disorder, and was in the nature of a rest cure.

Aside from the fact that no issue was submitted as to whether the benefits sought were "for" items embraced in the quoted exclusion, and appellant requested none; and apart from the fact that the issue submitted was limited to an inquiry as to whether appellee was "suffering from" such disorders during his hospitalization, an evidentiary issue; and notwithstanding these matters are not specified in the motion

for new trial, we find evidence that insured was hospitalized for arteriosclerosis and cerebral atrophy, a pathological condition, not "a nervous or mental disorder"; that it affected motor and physical functions, not mental; that it was "functional and organic," not nervous.

The policy defined "hospital" as "an institution which has a laboratory, X-ray equipment and an operating room where major surgical operations may be performed, and which maintains permanent and full-time facilities for the care of overnight resident patients under the supervision of a licensed Doctor of Medicine or Osteopathy, and which has a Graduate Registered Nurse always on duty."

Appellant does not brief the contention that the institution in question was not a "hospital" as the jury found, but the motion for judgment notwithstanding the finding may be construed as seeking to have it disregarded because there was no proof "that any 'doctor' was a licensed Doctor," or that "any Graduate Registered Nurse was always on duty." We have decided—perhaps giving more than a liberal construction to the Rules—to consider the contention in the motion. The evidence was that the institution had "three doctors on its staff," and from four to six registered nurses. The doctors were also on the staffs of the Methodist Hospital. A named doctor was in charge of the "medical affairs." He was an "M. D.", licensed as such by the Texas Department of Health to conduct a private mental hospital under the provisions of Arts. 5547–89 and 5547–90, Vernon's Ann.Tex.Stats., which require that the person in charge be a certified physician. It is presumed that public officers performed their duties in a proper and lawful manner. Anderson v. Polk, 117 Tex. 73, 297 S.W. 219, 222; and did not authorize an unlicensed physician to practice medicine in contravention of Arts. 739–741, Vernon's Ann. P.C.

Neither the policy nor the statutes define "Graduate Registered Nurse," but Art. 4518, Sec. 2 provides that no person shall be certified as a graduate of any school of nursing without having completed the prescribed course of study in an accredited school or program; and Sec. 3 thereof prescribes that every applicant for registration shall present evidence of completion of an accredited program of professional nursing education. The evidence was that the institution "always" had from four to six registered nurses on its staff during the entire period appellee was a patient. We think the evidence in these respects, therefore, was adquate to support the finding that the institution was a "hospital" under the policy. See Reserve Life Ins. Co. v. Marr, 9 Cir., 254 F.2d 289; McKinney v. American Security Life Ins. Co., La.App., 1954, 76 So.2d 630.

Appellant's complaint that the judgment included attorney's fees is not assigned in the motion for new trial, as required by Rules 320 and 324, and is not preserved for review. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; 3 Tex.Jur.2d 447. Affirmed.