The INTERNATIONAL FIDELITY IN-SURANCE COMPANY, Appellant,

v.

Harold JANSEN, Appellee.

No. 4002.

Court of Civil Appeals of Texas.

Waco.

June 21, 1962.

Rehearing Denied July 19, 1962.

Lyne Blanchette, Smith & Shelton, Donald F. Padgett, Dallas, for appellant.

Jones, Phillips, Barnes & Watson, Jack Gay, Dallas, for appellee.

McDONALD, Chief Justice.

This is a suit for benefits under a hospitalization insurance policy, based on confinement in a hospital from 3 March, 1959 to 3 March 1960. Defendant denied liability on the ground that its policy did not cover confinement for nervous or mental disorders; that "Wheatland Retreat" where

plaintiff was confined, was not a hospital within the provisions of its policy; and that plaintiff's wife had misrepresented the condition of plaintiff's health in 1954, at the time it reinstated plaintiff's policy.

Trial was to a jury which, in answer to Special Issues, found:

1) Plaintiff was not suffering from a nervous or mental disorder.

1A) Wheatland Retreat is a hospital within the provisions of the policy.

2) Plaintiff's wife represented that plaintiff's health was good at the time of application for policy reinstatement in 1954.

3) Such was a material matter.

4) Such representation was not false.

5) & 6) Defendant believed and relied upon such representation.

The Trial Court entered judgment for plaintiff on the verdict for $3022.50 benefits under the policy, $362.70 interest, $1000. attorney's fees, and $500. if defendant appealed without success.

Defendant appeals, contending:

1) There is no evidence to support jury findings 1), and 1A).

2) There is insufficient evidence to support jury finding 1).

3) Jury finding 1A is against the great weight and preponderance of the evidence.

4) Jury finding 4 is against the great weight and preponderance of the evidence.

We revert to contentions 1, 2 and 3. The jury found that plaintiff was not suffering from a nervous or mental disorder; and that "Wheatland Retreat," is a hospital within the terms of the policy.

Defendant admitted that plaintiff was sick and such sickness required his confinement as a bed patient in a hospital or other institution. Dr. Van Cleave testified that he suffered from a disease called cerebral arteriosclerosis; that arteriosclerosis is a mal-ady of the blood system, especially of the arteries; that arteriosclerosis is not a nervous or mental disorder; that plaintiff has cortical atrophy; that cortical atrophy is not a mental or nervous disorder.

The policy provides for payment for confinement in "any Hospital, recognized as such by the American Hospital Association." The record reflects that "Wheatland Retreat" was recognized as a hospital by the American Hospital Association. It had 3 medical doctors on its staff; 4 registered nurses on its staff; five licensed nurses on its staff; was listed in the telephone book as a hospital; had its own kitchen facilities; had oxygen equipment; was licensed as a hospital; had 40 to 50 average number of patients; and had facilities for overnight patients.

■ We think the evidence ample to sustain the jury's answers to Issues 1), and 1A), and that such answers are not contrary to the great weight and preponderance of the evidence. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; National Bankers Life Ins. Co. v. Hornbeak, Tex. Civ.App. (n. w. h.) 266 S.W.2d 228; Reserve Life Ins. Co. v. Jansen, Tex.Civ. App., 357 S.W.2d 770; Reserve Life Ins. Co. v. Marr, 9 Cir., 254 F.2d 289. Contentions 1, 2 and 3 are overruled.

Contention 4 is that the jury's finding that plaintiff's wife's representation in 1954, at the time of reinstatement of the policy, was against the great weight and preponderance of the evidence.

■■ The statement that plaintiff's wife made in 1954 was that plaintiff was in good health "to the best of her knowledge and belief." Defendant had the burden to establish by a preponderance of the evidence that such representation was false. Defendant failed to discharge this burden, and the jury's answer is not against the great weight and preponderance of the evidence. Moreover, there is no showing that the statements made by plaintiff's wife (who is now deceased), were made by plaintiff's

direction, or that he even knew of the reinstatement. See Golden State Mut. Life Ins. Co. v. Pruitt, Tex.Civ.App., 357 S.W.2d 812. Contention 4 is overruled. The judgment of the Trial Court is Affirmed.