In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01328-CR
____________

TERRY PIMPLETON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court 
Harris County, Texas
Trial Court Cause No. 642933 




MEMORANDUM OPINION
          Appellant, Terry Pimpleton, challenges sentencing imposed pursuant to the
State’s motion to adjudicate guilt for the offense of possession of a controlled
substance, cocaine, with intent to deliver, a second-degree felony here. The trial
court rejected appellant’s plea of not true to the State’s allegations, adjudicated
appellant guilty, and assessed punishment at six years’ confinement in prison. In
his sole issue, appellant contends that the sentence imposed is cruel and unusual
punishment under the Eighth Amendment to the United States Constitution. U.S.
Const. amend. VIII. Because appellant did not object to his sentence in the trial
court, he waived his appellate challenge. We affirm. 
Background
          Appellant initially pleaded guilty without an agreed recommendation from
the State and was placed on 10 years’ deferred adjudication on November 19,
1992 after a pre-sentence investigation report was prepared. Supervision of
appellant’s conditions of deferred adjudication was transferred to Winn Parish,
Winnfield, Louisiana, where appellant lived. One condition of appellant’s
deferred adjudication forbade him to travel outside Louisiana, where he lived,
without permission from the trial court. 
          On October 16, 2002, the State filed a motion to adjudicate appellant’s guilt
on the grounds that appellant traveled outside Louisiana without permission in
June 2002 and on September 5, 2003. Appellant pleaded not true, but the trial
court found the allegations true, adjudicated appellant’s guilt, and sentenced him
to six years’ confinement. Appellant did not object to the six-year sentence.
Analysis
          In his sole issue, appellant contends that his six-year sentence violated his
right to be free from cruel and unusual punishment under the Eighth Amendment
to the United States Constitution. U.S. Const. amend. VIII.


 To preserve a
complaint of cruel and unusual punishment for appellate review, appellant had to
present to the trial court a timely request, objection, or motion, stating the specific
grounds for the ruling he desired. See Martinez v. State, 98 S.W.3d 189, 193 (Tex.
Crim. App. 2003); In re C.E.M., 64 S.W.3d 425, 427 (Tex. App.––Houston [1st
Dist.] 2000, no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d); Tex. R. App. P. 33.1(a). A specific objection must be
made in the trial court to preserve an Eighth Amendment claim of cruel and
unusual punishment. Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.––
Houston [14th Dist.] 2001, pet. ref’d).


 
          A specific objection at the trial court level brings the trial court’s attention
to a possible error it may correct. See Solis, 945 S.W.2d at 301 (“The purpose for
the rule is to allow opposing counsel to remove the objection or the trial court to
cure any harm.”). By not objecting at the trial-court level, the defendant in Solis
waived appellate review of his claims that a 20-year sentence for aggravated
assault and a 40-year sentence for aggravated robbery were grossly
disproportionate to the offenses and a violation of appellant’s federal and state
constitutional guarantees against cruel and unusual punishment. Id.
          Appellant failed to preserve his point of error. The record contains neither
an objection by appellant when he was sentenced, nor a motion for new trial after
he was sentenced. The only pronouncement by appellant before the trial court was
that he would “file notice of appeal,” in response to the trial court’s inquiry, at the
close of the sentencing hearing, whether appellant intended to give notice of
appeal. 
          Having concluded that appellant was required to object timely and
specifically by stating the grounds for the ruling he desired, we hold that appellant
waived his point of error challenging his six-year sentence on Eighth Amendment
grounds. 
          We overrule appellant’s sole issue on appeal.
Conclusion
We affirm the judgment of the trial court.
 
     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).