Opinion issued February 26, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00189-CR




EVAN DAVID CRANTZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1122016




MEMORANDUM OPINION
          Appellant, Evan David Crantz, pleaded guilty to the offense of assault on a
family member, appellant’s wife, and received one year of community supervision. 
On the State’s motion to revoke community supervision, appellant pleaded true to the
allegations contained in the motion, without an agreed punishment recommendation
from the State. The trial court imposed a sentence of confinement in the Harris
County jail for one year. In his sole point of error, appellant challenges the sentence
imposed. We affirm.
Cruel and Unusual Punishment
          In his sole point of error, appellant contends that the sentence imposed by the
trial court, which appellant contends is the maximum sentence permitted, is (1) not
supported by the record, (2) disproportionate to the offense committed, and (3) a
violation of appellant’s rights under the Eighth Amendment of the United States
Constitution. See U.S. Const. amend. VIII.
          To preserve a complaint of cruel and unusual punishment for appellate review,
appellant had to present to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling he desired. See Martinez v. State, 98
S.W.3d 189, 193 (Tex. Crim. App. 2003); In re C.E.M., 64 S.W.3d 425, 427 (Tex.
App.––Houston [1st Dist.] 2000, no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d); Tex. R. App. P. 33.1(a). A specific
objection must be made in the trial court to preserve a federal or state constitutional
claim of cruel and unusual punishment. Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.––Houston [14th Dist.] 2001, pet. ref’d).


 
          A specific objection to the trial court brings the trial court’s attention to a
possible error it may correct. See Solis, 945 S.W.2d at 301 (“The purpose for the rule
is to allow opposing counsel to remove the objection or the trial court to cure any
harm.”). By not objecting in the trial court, the defendant in Solis waived appellate
review of his claims that a 20-year sentence for aggravated assault and a 40-year
sentence for aggravated robbery were grossly disproportionate to the offenses and a
violation of appellant’s federal and state constitutional guarantees against cruel and
unusual punishment. Id.
          Appellant failed to preserve his issue on appeal. The record contains neither
an objection by appellant when he was sentenced, nor a motion for new trial after he
was sentenced concerning any complaints that his one-year sentence was cruel and
unusual. Appellant’s motion for new trial merely asked the trial court to reconsider
his sentence, but it did not specifically object on the grounds asserted in this appeal. 
Having concluded that appellant was required to object timely and specifically by
stating the grounds for the ruling he desired, we hold that appellant waived his
challenges of his one-year sentence on the grounds that it was not supported by the
record, was disproportionate to the offense, and amounted to cruel and unusual
punishment.
          We overrule appellant’s sole issue on appeal. 
 

Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).