Opinion issued April 8, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00409-CR




FRANCIS E. ROBINSON, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 826765




MEMORANDUM OPINION
          A jury found appellant, Francis E. Robinson, III, guilty of aggravated robbery
and assessed his punishment at 10 years’ confinement and a $5,000 fine, and he was
placed on supervision for 10 years. The State later moved to revoke appellant’s
community supervision. Appellant pleaded true to the State’s allegations that he
violated the conditions of his community supervision, and the trial judge revoked
appellant’s community supervision and assessed punishment at 10 years’
confinement and a $5,000 fine. In two related points of error, appellant challenges
the sentence imposed after his community supervision was revoked. We affirm. 
Cruel and Unusual Punishment
          In two related points of error, appellant contends that the sentence imposed by
the trial court is disproportionate to the offense committed and is a violation of his
rights under the Eighth Amendment of the United States Constitution and article I,
section 13 of the Texas Constitution. See U.S. Const. amend. VIII; Tex. Const. Art.
I, § 13.
          To preserve his complaint of cruel and unusual punishment for appellate
review, appellant had to present to the trial court a timely request, objection, or
motion, stating the specific grounds for the ruling he desired. See Tex. R. App. P.
33.1(a); Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); In re C.E.M.,
64 S.W.3d 425, 427 (Tex. App.––Houston [1st Dist.] 2000, no pet.); Solis v. State,
945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). A specific
objection must be made in the trial court to preserve a federal or state constitutional
claim of cruel and unusual punishment. Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.––Houston [14th Dist.] 2001, pet. ref’d).


 
          A specific objection to the trial court brings the trial court’s attention to a
possible error that it may correct. See Solis, 945 S.W.2d at 301 (“The purpose for the
rule is to allow opposing counsel to remove the objection or the trial court to cure any
harm.”). By not objecting in the trial court, the defendant in Solis waived appellate
review of his claims that a 20-year sentence for aggravated assault and a 40-year
sentence for aggravated robbery were grossly disproportionate to the offenses and
violated his federal and state constitutional right to be free from cruel and unusual
punishment. Id.
          Appellant failed to preserve this issue on appeal. The record contains neither
an objection by appellant when he was sentenced, nor a motion for new trial after he
was sentenced, concerning any complaints that his sentence was cruel and unusual. 
We hold that appellant waived any argument that his punishment was
disproportionate to the offense and amounted to cruel and unusual punishment.
          We overrule both of appellant’s points of error. 
 

Conclusion
          We affirm the judgment of the trial court. 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).