

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00200-CV

## IN THE INTEREST OF R.W.K, JR. AND L.E.M.K., CHILDREN

### From the County Court at Law
### Ellis County, Texas
### Trial Court No. 91784CCL

## MEMORANDUM OPINION

In ten issues, appellant, Violet Lindsey, challenges the trial court's order terminating her parental rights to R.W.K. Jr. and L.E.M.K. under Family Code sections 161.001(b)(1)(D), (E), (F), (N), (O), and (P) and 161.003.[1]  *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), 161.003 (West Supp. 2018).  Because we overrule all of Lindsey's issues, we affirm.

---

[1] Pursuant to Texas Rule of Appellate Procedure 9.8., the parties refer to the children's mother by a fictitious name—Violet Lindsey.  *See* TEX. R. APP. P. 9.8.  We will do the same in this memorandum opinion.  Additionally, as this is a memorandum opinion and the parties are familiar with the facts, we only recite those necessary to the disposition of the case.  *See id.* at R. 47.1, 47.4.

## I.    SUFFICIENCY OF THE EVIDENCE

In her first, fourth, sixth, seventh, eighth, ninth, and tenth issues, Lindsey challenges the legal and factual sufficiency of the evidence supporting the predicate grounds for termination of her parental rights under sections 161.001(b)(1) and 161.003 of the Family Code.[2]  Additionally, in her fifth issue, Lindsey references the trial court's November 1, 2016 order denying termination as to R.W.K. and L.E.M.K. and asserts that the Department failed to prove by clear and convincing evidence a material and substantial change in circumstances under section 161.004(a)(2) of the Family Code allowing for the termination of her parental rights in this proceeding.  *See* TEX. FAM. CODE ANN. § 161.004(a)(2) (West 2014) (providing that the trial court may terminate a parent's parental rights after rendition of an order that previously denied termination if "the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered").  This is also a challenge to the sufficiency of the evidence supporting termination of her parental rights.

---

[2] On appeal, Lindsey does not challenge the trial court's best-interest findings.  Therefore, the trial court's best-interest findings are binding on this Court, and we need not address them in this memorandum opinion.  *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 445 (Tex. 1997); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also In re K.L.G.*, No. 14-09-00403-CV, 2009 Tex. App. LEXIS 8011, at *7 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, no pet.) (mem. op.) ("Appellant did not raise a challenge to the predicate ground in subsection Q or to the best-interest finding.  Second, because they were unchallenged, findings supporting termination of appellant's parental rights to K.L.G. are binding, and no review of the other predicate grounds or the best-interest finding is necessary." (citing *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003))).

## A. Preservation

In an appeal from a judgment rendered on the basis of a jury verdict, including a judgment terminating parental rights, a party cannot complain about the legal and factual sufficiency of the evidence for the first time on appeal. *See* TEX. R. APP. P. 33.1(d); *see also In re S.G.*, No. 01-18-00728-CV, 2019 Tex. App. LEXIS 2618, at *10 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, pet. filed) (mem. op.); *In re H.D.B.-M.*, No. 10-12-00423-CV, 2013 Tex. App. LEXIS 2057, at **22-23 (Tex. App.—Waco Feb. 28, 2013, pet. denied) (mem. op.). Therefore, to preserve a challenge to the legal sufficiency of the evidence for appellate review, a party must: (1) move for an instructed verdict; (2) object to the submission of a jury question; (3) move for a judgment notwithstanding the verdict; (4) move to disregard the jury's answer to a vital fact question; or (5) move for a new trial. *See In re D.J.J.*, 178 S.W.3d 424, 426-27 (Tex. App.—Fort Worth 2005, no pet.); *In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *In re C.E.M.*, 64 S.W.3d 425, 427 (Tex. App.—Houston [1st Dist.] 2000, no pet.). To preserve a challenge to the factual sufficiency of the evidence, a party must move for a new trial. TEX. R. CIV. P. 324b(2), (3); *see In re A.C.*, 394 S.W.3d 633, 639 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also In re J.M.S.*, 43 S.W.3d at 62. The party's motion or objection also must be reasonably specific as to the nature of the evidentiary-sufficiency challenge that is being made to preserve error on that point. *See* TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. CIV. P. 268, 274, 301, 321-22; *see also In re C.E.M.*, 64 S.W.3d at 428 (concluding that an instructed-verdict motion

"on all grounds" was too general to preserve error and that a new-trial motion challenging an implied best-interest finding did not preserve error as to the findings on statutory predicate acts or omissions).

## B. Discussion

In the instant case, Lindsey did not file a motion for an instructed verdict, file a judgment notwithstanding the verdict, raise an objection to the submission of a jury question, move to disregard the jury's answer to a vital fact question, or file a motion for new trial.[3] Accordingly, we conclude that she failed to preserve her legal and factual-sufficiency complaints regarding the predicate grounds for termination of her parental rights under sections 161.001(b)(1) and 161.003 of the Family Code, as well as her complaint under section 161.004 of the Family Code. *See In re B.L.D.*, 113 S.W.3d 340, 353-54 (Tex. 2003) (holding that the normal rules of preservation apply to parental rights termination cases and that due process does not mandate appellate review of unpreserved error in such cases); *In re D.J.J.*, 178 S.W.3d at 426-27; *In re A.C.*, 394 S.W.3d at 639; *In re J.M.S.*, 43 S.W.3d at 62; *In re C.E.M.*, 64 S.W.3d at 427; *see also In re H.D.B.-M.*, 2013 Tex. App. LEXIS 2057, at **22-23.

---

[3] The record does reflect that Lindsey objected to the form of the jury charge, but there is nothing in the record demonstrating that the objection was reasonably specific as to the nature of the evidentiary-sufficiency challenges that have been brought on appeal. Rather, Lindsey complained that the charge should instruct the jury regarding modification before addressing termination. This objection is not enough to preserve Lindsey's evidentiary-sufficiency complaints on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. CIV. P. 268, 274, 301, 321-22; *see also In re C.E.M.*, 64 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

However, knowing this is a family-law, "death-penalty" case, regardless of the lack of preservation, we will give a brief review of the evidence relevant to the predicate grounds for termination under sections 161.001(b)(1) and 161.003, as well as Lindsey's complaint under section 161.004 of the Family Code. An examination of Lindsey's behavior reflects extensive experience with the Department dating back to 2006, when it was determined that Lindsey used marihuana on a regular basis and placed one of her children with her brother who sexually abused the child. Lindsey's drug abuse has continued, as evidenced by numerous positive tests for cocaine, methamphetamine, amphetamine, and marihuana, as well as forty-two missed drug tests that were all presumed to be positive. S*ee Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 617-18 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("Because it exposes the child to the possibility that the parent may be impaired or imprisoned, illegal drug use may support termination under section 161.001[(b)](1)(E)."); *In re Z.C.*, 280 S.W.3d 470, 474 (Tex. App.—Fort Worth 2009, pet. denied) (stating that a parent's illegal drug use and drug-related criminal activity may support a finding that the child's surroundings endanger his physical or emotional well-being). She also has documented issues with alcohol abuse and a long history of mental-health issues and drug-seeking behaviors.

The record also includes numerous reports of Lindsey's involvement with men who engage in domestic violence, as well as reports that Lindsey herself physically abused, medically neglected, and engaged in the neglectful supervision of R.W.K. and

L.E.M.K. *See In re L.E.S.*, 471 S.W.3d 915, 925 (Tex. App.—Texarkana 2015, no pet.) (noting that abusive or violent conduct by a parent or other person in the children's home may produce an environment that endangers the physical and emotional well-being of the children); *see also In re J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that domestic violence, want of self-control, and propensity for violence may be considered as evidence of endangerment). Moreover, Lindsey's inability to provide a stable home for the children was also evidenced by the fact that she was incarcerated for parts of this proceeding for criminally trespassing on her mother's property. *See In re M.R.J.M.*, 280 S.W.3d 494, 503 (Tex. App.—Fort Worth 2009, no pet.) ("Conduct that subjects a child to a life of uncertainty and instability also endangers the child's physical and emotional well-being. While imprisonment alone is not a basis to terminate a parent's rights, it is an appropriate factor to consider because when a parent is incarcerated, he or she is absent from the child's daily life and unable to provide support to the child, negatively impacting the child's living environment and emotional well-being." (internal citations omitted)).

Thus, based on the foregoing, there was ample evidence in the record to support the termination of Lindsey's parental rights under sections 161.001(b)(1) and 161.003 of the Family Code, as well as a finding of material and substantial change in circumstances under section 161.004 of the Family Code, as alleged by the Department. It was the overwhelming evidence of Lindsey's inappropriate actions and omissions that resulted

in the trial court's order terminating her parental rights, not her alleged "economic disadvantage." Nevertheless, Lindsey failed to preserve her legal and factual sufficiency complaints, and we accordingly overrule her first, fourth, fifth, sixth, seventh, eighth, ninth, and tenth issues.

## II. THE JURY'S VERDICT

In her second issue, Lindsey complains about the jury's verdict, asserting that the jury ignored the "either/or instructions" in the jury charge.[4] *See* TEX. R. CIV. P. 295.

## A. Correction of Jury Verdicts

Texas Rule of Civil Procedure 295, entitled "Correction of Verdict," provides the following:

> If the purported verdict is defective, the court may direct it to be reformed. If it is incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury such additional instructions as may be proper, and retire the jury for further deliberations.

TEX. R. CIV. P. 295; *see USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 509 (Tex. 2018).

---

[4] In her brief, Lindsey characterizes her complaint about the jury's verdict as follows:

The jury in this case ignored the either/or instructions in the jury charge. The jury charge in this case contained two different lists of grounds for termination of parental rights. The first list has eight grounds for termination which would have had to of occurred since November 1, 2016. The second list contained four grounds for termination which had to have occurred before November 1, 2016. The jury was given clear instructions to choose one or more of EITHER the first list of 8 grounds OR one or more of the four grounds which occurred before November 1, 2016. Instead of following these clear instructions[,] the jury selected five grounds for termination from the first list and all four grounds for termination from the second list. The jury did not follow the instructions they were given, and no objection was made.

It is well-established that "to preserve error based on fatally conflicting jury answers, parties must raise that objection before the trial court discharges the jury." *See Menchaca*, 545 S.W.3d at 518. "When the alleged error is an incomplete, nonresponsive, or conflicting jury verdict, rule 295 requires the trial court to correct the error by providing additional instructions and retiring the jury 'for further deliberations.'" *Id.* (quoting TEX. R. CIV. P. 295). "Once the trial court has discharged the jury, it cannot reform the conflicting answers as rule 295 requires." *Id.* If the trial court does not identify a conflict and no party raises it before the court discharges the jury, "the conflict provides no basis for reversal on appeal, even if it is fatal." *Id.* at 520.

## B. Discussion

Lindsey did not raise her complaint in this issue before the trial court discharged the jury. Accordingly, we conclude that Lindsey has not preserved error, if any, in this issue. *See* TEX. R. CIV. P. 295; *see also Menchaca*, 545 S.W.3d at 518.

Nevertheless, Lindsey urges this Court to allow her to raise this complaint for the first time on appeal. Given the clear authority from the Texas Supreme Court and Rule 295, we are not persuaded by Lindsey's argument that she should be allowed to raise this issue for the first time on appeal. *See Menchaca*, 545 S.W.3d at 518, 520; *In re B.L.D.*, 113 S.W.3d at 354 ("As a general rule, due process does not mandate that appellate courts review unpreserved complaints of charge error in parental rights termination cases."); *see also* TEX. R. CIV. P. 295. And to the extent that Lindsey attempts to raise a constitutional

claim in this issue, we also note that such a claim was not raised in the trial court and, thus, was not preserved for appellate review. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001); *see also In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied) ("Constitutional claims must be raised below or they are not preserved for appellate review. . . . In a termination case, adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose. And allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus promoting the child's interest in a final decision and thus placement in a safe and stable home." (internal citations & quotations omitted)). We overrule Lindsey's second issue.

### III. THE 180-DAY REQUIREMENT UNDER SECTION 161.003 OF THE FAMILY CODE

In her third issue, Lindsey argues that the termination ground under section 161.003 of the Family Code cannot stand because the trial court conducted trial on the ground raised in the Department's second amended petition less than 180 days after the ground was added. *See* TEX. FAM. CODE ANN. § 161.003 (West Supp. 2018).

The Department filed its "Original Petition to Modify Prior Order in Suit Affecting the Parent-Child Relationship" on August 28, 2018, alleging termination grounds under section 161.001(b)(1)(D), (E), (K), (N), (O), and (P) of the Family Code. *See id.* § 161.001(b)(1)(D), (E), (K), (N), (O), (P). On February 8, 2019, the Department filed its first

amended petition to add an additional ground for termination under section 161.001(b)(1)(F) of the Family Code. *Id.* § 161.001(b)(1)(F). The Department filed its live pleading—its second amended petition—on March 12, 2019, asserting additional grounds for termination under section 161.001(b)(1)(M) and section 161.003. *Id.* §§ 161.001(b)(1)(M), 161.003. On appeal, Lindsey contends that the termination ground under section 161.003 should not have been considered because the Department filed its live pleading less than 180 days from the June 3, 2019 start of trial.

Section 161.003 of the Family Code provides that "a hearing on the termination [under section 161.003] may not be held earlier than 180 days after the date on which the suit was filed." *Id.* § 161.003(c). In this case, the hearing on termination began June 3, 2019, 279 days after August 28, 2018—the date the suit was filed.

In addition, were the Court not to consider the predicate grounds for termination added by way of the Department's amended petition, sections 161.001(b)(1)(F), 161.001(b)(1)(M), and 161.003, as discussed above, there is ample evidence to support the predicate grounds for termination alleged in the Department's original filing. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (noting that a finding of only one ground for termination alleged under section 161.001(b)(1) is sufficient to support a judgment of termination); *see also In re D.R.*, No. 2-06-146-CV, 2007 Tex. App. LEXIS 450, at **16-17 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) (mem. op.) ("When multiple grounds for

termination are sought, we must uphold the court's findings if any of those grounds are supported by evidence in the record."). Accordingly, we overrule Lindsey's third issue.

## IV.    CONCLUSION

Having overruled all of Lindsey's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed October 23, 2019
[CV06]

